UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA

V.                                           CRIMINAL NO. 04-10179-RGS

DEXTER BROWN

MEMORANDUM OF THE DEFENDANT ON SENTENCING

The defendant was charged in a two-count indictment with transporting firearms interstate without being a licensed dealer, importer, manufacturer or collector; in violation of 18 U.S.C. 922(a)(3). He appeared before the court on March 2, 2005 and entered a guilty plea. The plea was not made pursuant to any agreement with the Government. The defendant is now before the court for disposition. And, he seeks a disposition that does not involve incarceration.

The factors to be considered in imposing sentence are set forth in 18 U.S.C. 3553(a). Section (b) of that statute requires the court to impose a sentence within the Guidelines. However, since United States v. Booker, 543 U.S.____ (2005), 125 S.Ct. 738, 160 L.Ed. 2nd 621 it would appear that a sentencing judge is not bound by the Guidelines. Rather, there is room for the exercise of discretion. And, this discretion should be exercised in a manner that takes into consideration the factors set forth in the statute. In

any event, the defendant seeks to avoid incarceration and this is permissible under the sentencing statute.

The probation department has determined that the defendant's total offense level is 12 and that his criminal history is I. However, if the court decides to adhere to the Guidelines, the defendant would seek a downward departure, which would warrant the imposition of a period of probation.

Consideration of the factors set forth in the statute would warrant a finding that the purposes of sentencing can be satisfied without incarceration.

## THE NATURE AND CIRCUMSTANCES OF THE OFFENSE

The defendant was licensed to carry a firearm in the Commonwealth of Massachusetts. He traveled to Alabama to attend a funeral and while there, learned how cheap guns were in that state. Without considering that laws existed, which prohibited him from bringing guns into Massachusetts, he bought some guns. He repeated this on a subsequent occasion. An indication of his ignorance of the law is found in the fact that he tried to have the guns registered here with a licensed dealer.

Nevertheless, it is clear that the defendant did not travel to Alabama for the express purpose of committing the illegal act of buying guns and bringing them to Massachusetts. Upon arrival in Alabama to attend a funeral, he discovered the ease and cost for which guns could be

purchased. Mistakenly, he decided to take advantage of what he considered to be an opportunity.

### THE HISTORY AND CHARACTERISTICS OF THE DEFENDANT

The defendant was born in Lynn, Massachusetts on June 17, 1968. He will turn 37 in a few days. He has obtained a college degree. And, he has always maintained employment, even when he lived temporarily out of the Commonwealth.

The defendant has no prior criminal convictions. Again, it is important to note that he was licensed to carry a firearm in the Commonwealth of Massachusetts.

Letters of support attest to his good character. The letters come not only from family members. They also come from police officers that know him, former teachers, friends, fellow employees and the president of the Salem Pop Warner Football Program.

Probably most important is the very stable family situation of the defendant. In addition to his parents, there is one sister, three half-sisters and one half-brother. Although not married, the defendant has a significant other with which he resides. They have two children, the youngest being eighteen months.

### THE NEED FOR THE SENTENCE IMPOSED

The defendant has led a crime free life for thirty-six years. His present crime was not one of intent. Rather, it was one of ignorance, trying to take advantage of what he believed to be a good opportunity. Therefore,

the defendant suggests that a sentence within the advisory guideline range under the facts of the case is not necessary to reflect the seriousness of the offense, to promote respect for the law or to provide just punishment for the offense.

It should also be pointed out that the defendant has been on release for one year under fairly strict conditions. He has abided by these conditions without incident.

## ADVISORY SENTENCING RANGE ESTABLISHED BY THE GUIDELINES

While the defendant is statutorily eligible for probation, under the Guidelines the court would have to grant a downward departure. The total offense level is 12 and the criminal history category is I. Thus, the guideline imprisonment range is 10 to 16 months. However, one half of the minimum term can be satisfied by community confinement or home detention.

## THE NEED TO AVOID UNWARRANTED SENTENCE DISPARITIES

The applicable guideline sentence is greater than necessary to achieve the purposes of the Sentencing Act. 18 U.S.C. 3553(a). Therefore, some disparity in this case would be warranted. The nature and circumstances of the offense and the characteristics of the defendant have been discussed above. Other considerations would be (1) the seriousness of the offense, (2) promotion of respect for the law, (3) just punishment for the offense, (4) deterrence to criminal conduct and (5) protection of the public from further crimes by the defendant. These purposes can be accomplished without incarceration.

The defendant recognizes that any criminal violation is serious, some more so than others. Here, the defendant mistakenly believed that, since he was licensed to carry a firearm here in Massachusetts, it was permissible for him to buy a firearm in Alabama and bring it back to Massachusetts. To illustrate that it was a mistake and that there was no criminal intent on his part, it is pointed out again that the defendant did not go to Alabama for the express purpose of buying firearms. Also, as stated above, he attempted to register the guns in Massachusetts. It was only when this could not be done and the time came that he needed some extra money, that he sold the firearms.

Because the defendant, who is almost 37 years old, has led a crime free life, a sentence within the Guidelines is not necessary to promote respect for the law. Likewise, just punishment for the offense, deterrence to criminal conduct and protection of the public from further crimes by the defendant can be accomplished without incarceration.

## CONCLUSION

Considering all of the statutory factors, including the sentencing guidelines, a period of incarceration is not warranted. This conclusion is also supported by the fact that the defendant, from the very beginning, did not deny his acts. Even when he learned that his acts were criminal, there was the acceptance of responsibility.

By his attorney,

*Willie J. Davis*

WILLIE J. DAVIS
BBO#: 116460
Davis, Robinson & White
One Faneuil Hall Marketplace
Boston, MA 02109
(617) 723-7339


## CERTIFICATE OF SERVICE

I hereby certify that notice of the filing of the within memorandum of the defendant on sentencing was served upon the Government this 6th Day of June, 2005 by mailing a copy thereof, postage prepaid, to Antoinette E. M. Leoney, Assistant United States Attorney, United States Courthouse, One Courthouse Way, Boston, MA 02110.

_____
WILLIE J. DAVIS